UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL RITTER,

    Plaintiff,                                                            Case No.: 8:16-cv-01386-CEH-AAS

v.

NONPROFIT INFORMATION
NETWORKING ASSOCIATION
And RUTH McCAMBRIDGE,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Defendants Nonprofit Information Networking Association ("NINA") d/b/a/ Nonprofit Quarterly ("NPQ") and Ruth McCambridge's ("Ms. McCambridge") (collectively, "the Defendants") Motion to Dismiss (Doc. 14). Plaintiffs Carl Ritter ("Mr. Ritter") and Carol Ritter [1] ("Mrs. Ritter") (collectively, "the Ritters") filed a Memorandum in Opposition (Doc. 17), to which Defendants filed a Reply (Doc. 21). In addition, Plaintiffs filed a Motion for Leave to Amend Complaint to Add Claim for Punitive Damages (Doc. 30) and Defendants filed a Memorandum in Opposition (Doc. 34). The parties filed a Notice of Resolution as to Claims of Plaintiff, Carol Ritter, Only (Doc. 40), indicating that Carol Ritter has resolved all of her claims against the Defendants. Plaintiff Carol Ritter then filed a Notice of Voluntary Dismissal with Prejudice as to her claims (Doc. 41), and Plaintiff, Carl Ritter filed a Notice of Voluntary Dismissal without prejudice as to Count III (Loss of Consortium) only (Doc. 42). Therefore, the only claim remaining is Carl Ritter's libel claim in Count 1. For the reasons

---

[1] Carol Ritter is no longer a party to this action.

discussed below, Defendants' Motion to Dismiss is denied and Plaintiff's Motion for Leave to Amend is granted.

### I. STATEMENT OF FACTS[2]

This action arises over injuries allegedly caused by Defendants' publication of four online defamatory articles concerning the Ritters. The Complaint alleges as follows: the Ritters are a married couple residing in Manatee County, Florida. Doc. 2 ¶ 1–2. Mr. Ritter, a supporter of families impacted by cancer, served as the Chief Executive Officer of the Center for Building Hope (the "Center"). *Id.* ¶ 9–13. The Center operated in Sarasota County, Florida, and was established to provide free programs to individuals and families impacted by cancer. *Id.* ¶ 13. Mrs. Ritter, a cancer survivor herself, supported fundraising events in an effort to continue offering free programs to people impacted by cancer. *Id.* ¶ 11.

Defendant, NINA, is a Massachusetts organization with its principal place of business in Boston, Massachusetts. *Id.* ¶ 3. NINA owns, operates, and does business as NPQ, which is a periodical published in print and online. *Id.* Defendant, Ms. McCambridge, is a resident of Massachusetts and employed by NPQ as the Editor-in-Chief. *Id.* ¶ 4.

On or about June 8, 2015, to August 24, 2015, Defendants published four online articles allegedly containing "blatantly false and defamatory statements" concerning the Ritters. *Id.* ¶ 14. Among other things, the articles allegedly contained statements that "omit material facts, fail to accurately and completely provide underlying facts, create a false impression, and were published with improper motives." *Id.* ¶ 15. Specifically, the Ritters allege that the four articles taken as a

---

[2] The following statement of facts is derived from the Complaint (Doc. 2), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

2

whole create the impression that Mr. Ritter misappropriated funds, mismanaged resources, and otherwise engaged in corporate waste. *Id.* ¶ 17–18. The articles also allegedly create the impression that the Ritters established a credit card processing company whereby Mrs. Ritter received processing fees in her bank account from credit card transactions linked with the Center. *Id.* ¶ 14, Schedule A.

Defendants moved to dismiss all Counts asserted against them. Given the dismissal of Plaintiff Carol Ritter, the only remaining argument is Defendants' contention that the entire Complaint must be dismissed because the Ritters improperly brought their actions collectively against the Defendants in violation of Florida procedural rules.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

When, as here, documents are attached as exhibits to the pleading, those documents are considered a part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting

documents controls. *Friedman v. Market Street Mortg. Corp.*, 520 F.3d 1289, 1295 n.6 (11th Cir. 2008) (citing *Tucker v. Nat'l Linen Serv. Corp.*, 200 F.2d 858, 864 (5th Cir. 1953)).

### III. DISCUSSION

#### A. Motion to Dismiss

The Defendants contend that the Complaint should be dismissed because the Ritters should have brought Count I against the Defendants separately, rather than collectively. Defendants argue that the Ritters should have "differentiate[d] the acts and omissions of each individual Defendant" instead of referring to the Defendants "collectively without any reasonably degree of particularity." Doc. 14 at 8. Defendants conclude that because allegations about "Defendants'" conduct are not allegations against each individual Defendant, the Ritters' use of the term "Defendants" requires dismissal of the Complaint. *Id.* For the reasons discussed below, the Court disagrees.

A plaintiff is permitted to plead claims against multiple defendants by referring to them collectively as "defendants." *See Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) ("When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually."). These collective references are construed as applying to each defendant individually. *Id.* Collective references to defendants are most often problematic when broad allegations are asserted against a large number of defendants. *See Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1271–74 (M.D. Fla. 2009) (requiring repleader where plaintiff used a single defined term to refer to dozens of defendants, which made the allegations "impossible to put into context"). But here, the Ritters allege that only two defendants—NPQ and Ms. McCambridge—participated in conduct relevant to each claim. Under these circumstances, the Ritters' use of the collective reference "Defendants" does not deprive the Defendants of fair notice of the conduct attributed to

4

them; it simply signals that Defendants are both alleged to have participated in the conduct at issue. Thus, although the Complaint is not as specific as Defendants would prefer, it is sufficient to meet the notice pleading requirement under Rule 8. *See* Fed. R. Civ. P. 8(a). The Court therefore rejects Defendants' contention that the Ritters' use of the term "Defendants" requires dismissal.

### B. Motion for Leave to Amend Complaint to Add Punitive Damages

Ritter moves to amend the Complaint to add punitive damages.[3] Defendants argue that amendment would be futile because Plaintiff's proposed Amended Complaint fails to address the deficiencies stated in Defendants' Motion to Dismiss and Plaintiff has improperly pleaded the claim for punitive damages.

Unless otherwise specified, a party may amend its complaint with written consent from the opposing party or leave of court. Fed.R.Civ. P. 15(a)(2). Courts should grant leave to amend freely unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Fed.R.Civ. P. 15(a)(2). Although Defendants oppose amendment based on futility, this Order will assist Plaintiff in amending the Complaint to more properly state his claim.

Defendants also argue that punitive damages are improperly pleaded because the proposed Amended Complaint is "replete with improper conclusory allegations regarding Defendants'

---

[3] Plaintiffs originally brought their claims in state court. Under Florida law, a party may not demand punitive damages without leave of court. *See* § 768.72, Fla. Stat. ("[N]o claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."). The procedural component of Florida Statute § 768.72 does not apply in this case. *See Cohen v. Office Depot*, 204 F.3d 1069, 1072 (11th Cir. 2000).

knowledge as to the falsity of the statements or the publication of the statements with a reckless disregard for the truth." Doc. 34 at 5. To properly allege punitive damages for libel under Florida law, a plaintiff must allege that Defendant performed acts "in reckless disregard of the rights of the plaintiff, and that the defendants had knowledge of the statements' falsity, which they disregarded." *Mid-Florida TV Corp. v. Boyles*, 467 So. 2d 282, 283 (Fla. 1985). At this stage of the litigation, the proposed allegations are sufficient to put the Defendants on notice as to the claims against them and permit a demand for punitive damages.

Further, there is no apparent bad faith, undue delay, or dilatory motive on the part of Plaintiff or his counsel. And given that Plaintiff must amend for other purposes, he may add more factual allegations in support of punitive damages. Therefore, Plaintiff may amend his Complaint to add punitive damages.

### IV. CONCLUSION

Plaintiff, Carl Ritter, may assert claims against the two defendants by referring to them collectively as "defendants," since it is clear that the actions are attributed to each defendant. Therefore, dismissal will be denied on this basis. Additionally, Plaintiff will be granted leave to amend his Complaint to assert punitive damages.

Accordingly it is hereby **ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 14) is **DENIED**.

2. Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Punitive Damages (Doc. 30) is **GRANTED**.

3. Plaintiff Carl Ritter shall file an Amended Complaint within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Tampa, Florida on March 2, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any